Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Ms. Vidal? Good morning. My name is Nia Vidal. I'm here on behalf of the appellant Jori Ferguson. Your Honors, I think the central issue in this case is whether or not the district judge in this court, in this case Judge Hudson, properly admitted hearsay evidence at a supervised release revocation hearing in accordance with Rule 32.1 in this court's ruling in Doswell. Both Doswell and Rule 32.1 essentially says that the court must conduct a balancing test when deciding whether or not to admit hearsay evidence. In this case, and the reason why that is, is the court has recognized even since Morrissey v. Brewer, which is a Supreme Court decision, that even in violation hearings, even though it's not a trial, that a defendant has certain due process rights. And when a court is deciding whether or not to admit evidence such as hearsay, which is admissible at a violation hearing, that the court should take certain precautions before admitting such important evidence. Prior to 2002, when Rule 32.1 was amended, the test for hearsay was whether or not it was demonstrably reliable. After the rule was amended in 2002, it became a balancing test. It wasn't just purely reliability, but it was whether the balancing of the interest of the defendant in cross-examining adverse So the court is clear in Doswell that the district court is to consider the interest of justice, whether the interest of justice requires the attendance of the adverse witness. In this case, the particular hearsay evidence was a lab report that essentially stated, it was a bare-bones lab report that stated that the substance that was located in a car that Mr. Ferguson was driving was marijuana, and stated what the weight of six of the seventeen recovered bags were. Did not state what type of test was done, how the test was administered, what the laboratory procedures are, whether or not the analyst had to use some specialized knowledge or judgment in interpreting the results. And these are the types of concerns that the Supreme Court had in Melendez-Diaz in lab reports and whether or not they're inherently reliable. In this case, Judge Hudson simply found, over my objection, that the lab report came on stationary and it was therefore reliable. The judge made no determination as to why the results themselves were reliable or why it was not necessary to have the analyst appear. There was no discussion on the record at that point at the time that the judge overruled my objection and allowed the evidence in or allowed the arresting officer to testify about what the report said. The court should have conducted the full balancing test, at least in my view, under Doswell. But why don't you have a harmless error situation here, given the items that were seized, the defendant's own statement that he sells marijuana? This isn't a case of mistake. And where the core principle here in Doswell is reliability, at least as expressed by the court, why isn't this harmless error? Well, I think although the core, or as Doswell says, reliability is a critical factor, it's not the only factor that the court is to consider. If you look at the evidence and the way that it came in, I agree that this is not a case like Doswell, where the only evidence that the court relied on to find that defendant in violation was the report itself. There's certainly in this case more evidence. However, the report, first of all, the officer, and I think it's important to point this out, which I did in my briefs, is that the officer came to court that day with the report. And there was no other copy of the report. The officer had the report in his hand while he was testifying. And the fact that he had it in his hand, he knew what the results were influenced his testimony. So if it influenced his testimony about not only what the report said, but also the nature of the substance that was found. What about the defendant's own statement that he sells marijuana? Well, I think that statement is problematic. However... And the odor of marijuana at the traffic stop. Well, the officer did testify that there was an odor of marijuana. But on cross, he was unable to determine whether or not it was burnt marijuana or unburnt marijuana. Although there were admissions from Mr. Ferguson that he did smoke marijuana earlier. And I think that goes back to the issue of harmless errors. That when you take a look at the evidence, including Mr. Ferguson's statements that Judge Hudson apparently found credible, that he actually made those statements, is that there's an addition of use as well as distribution. And so when you have, I would say, equal evidence on distribution and use, it's particularly important that the court takes certain precautions before admitting hearsay evidence or at least conducts the balancing test. I'm sorry, is your argument in response to Judge Keenan now, and me, that he would have appealed because the sentence reflects the district court's belief that he was also engaged in distribution? Is that what it comes down to? Well, my argument is that where there's... He was charged with possession with intent to distribute marijuana. And I think that there was evidence about both possession and distribution. And when it's a close question... Okay, I'm sorry. I thought you were sort of conceding that if we were only here on possession, then it clearly would be harmless. I'm not... You're not saying that. That's how I'm interpreting it. I understand that, Your Honor. What I'm trying to express is that in a case like this, where clearly there's more evidence than in Doswell, where there was just the report. Even in a defendant has certain due process rights at that violation hearing. I do agree that Mr. Ferguson's statement was problematic. However, at the time... Well, first of all, at the time that the evidence was admitted, the evidence meaning the report was admitted, the evidence about Mr. Ferguson's statement had not been put before the court. And we had challenged or I had challenged the reliability of the report and the arresting officer's ability to testify about what was in the report. The judge, without conducting the balancing test and without hearing the statement that he later found Mr. Ferguson to make, allowed the evidence in. And at the... It's especially important at a violation hearing that's before the district court that these findings be made by the district court first so that if issues like admissibility of hearsay evidence are appealed, that there is a record that provides meaningful review for this court to determine whether or not the interest of justice required the person to appeal or the person to appear. I'm sorry. And in this case, again, Judge Hudson just strictly made a reliability determination. And Doswell clearly states that it's more than just reliability. I think the additional evidence that was located in the car, in addition to Mr. Ferguson's statement, goes towards the reliability prong of it. But there was no discussion about why the analyst was not made available, whether it was going to cause some undue delay, although the analyst is a revolutionary, and I find it reliable. And I think that's just problematic. The government argues in its brief that this test can be implicit, that I think it's clear that Judge Hudson did not explicitly conduct this balance inquiry, and so therefore the test should be implicit. And if you look at the language in Morrissey v. Brewer, which is also quoted in Doswell, it states that the court is to specifically find good cause, and that the court is to balance the defendant's interest in cross-examining an adverse witness versus the government's interest in denying it. And it simply was not done here, and it's important to have an explicit test so that, again, there's meaningful review in this court. So you're asking us to send it back to the district court, correct? I think that's the appropriate solution. And then the report will be in with the expert? It may very well be, and then that will be a different issue. But I do think that when you're dealing with a violation hearing where a defendant clearly has a right to due process and their liberty is at stake, when you're choosing to admit hearsay evidence, and hearsay evidence is important because it could be prejudicial and completely damaging to the defendant without having the benefit of cross-examination. So it is important for the judge to conduct the test, and it's not an arduous test. At the point where I objected to the admission of the lab report, Judge Hudson could have asked me at that point, well, why do you need to cross-examine the analyst? And then I would provide the reasons. Well, I believe that there's evidence that I could obtain from the analyst regarding the accuracy of the report, what the packages looked like, what weight was in the packages. I mean, these are questions that I could not have asked the arresting officer. And the only charge that was used before in terms of notice was for having marijuana that day in his car, correct? For Chesterfield, yes, for the Chesterfield charges. That's right. And after I make that proffer, then the government, the judge could ask the government to respond. Well, why did you not provide the analyst here? And they would give whatever response they felt was appropriate. And the judge at that point can then say, well, the interests of justice either require the attendance of the analyst or does not require the attendance of the analyst. This is not a complicated thing that judges on the district court level need to do. To your point, as it stands now, the only inquiry would be, is it on letterhead? Essentially, for lab reports. Right, for lab reports. If it's on letterhead, then it's admissible, at least is what explicitly was said by the district court. Right. And again, even that, in addition to it just simply relying on reliability, the judge didn't make any findings as to why the test itself, irrespective of the fact that it was on stationary, why the test procedure itself was reliable. And I don't think the judge could have made that finding because of the bare bones nature of the lab report, which is on page 71 of the joint appendix. If you look at it, it just says marijuana and what the weight of six of the 17 bags were. It doesn't say this is the test that was done, this is why the test is accurate, or why there's a slight chance of error, but there's just nothing there that I could effectively cross-examine the arresting officer on. He was certainly not qualified to testify about the results of the lab report. Including, of course, chain of custody as well. That's correct. If there are no further questions, I'll reserve the remainder of my time. Thank you, Ms. Liddell. Thank you. Yes, Mr. Moore. May it please the Court, my name is Michael Moore and I represent the United States in this matter. The certificate of analysis at issue in this case was reliable because it was corroborated by overwhelming and uncontradicted evidence. That evidence consisted not only of Officer McDonald's observations in light of his training and experience, but the defendant's possession of things that the District Court noted were tools of the drug trade, and most importantly, the defendant's own admissions that the substance he possessed was marijuana. Because of that overwhelmingly reliable corroboration, and because there was no proffer on the record from Mr. Covington as to what he hoped to achieve. You said he admitted that the substance was marijuana? Mr. Covington admitted that the substance involved, that was taken from his car, was marijuana. The evidence on all of those issues was uncontradicted by Mr. Covington. And because of that overwhelmingly reliable corroboration, and again, in the absence of any proffer on the record as to what Mr. Covington hoped to achieve through cross-examination, the District Court not only did not abuse its discretion in admitting this evidence, but for that same reason, any error that was made in admission of the evidence was certainly harmless beyond all reasonable doubt. Why didn't you call him? Pardon me? Why didn't the government call the witness? Well, that's outside the record, but the government received the certificate of analysis from the officer about five minutes before the defense counsel did. So how could the government go forward with the hearing? Well... In other words, you've got a revocation hearing scheduled, what, two or three weeks in advance at least, right? Yes, Your Honor. And so the government has to prepare its case, and preparing its case includes contacting the witnesses, making sure you've got your exhibits all lined up, preparing your witness. I realize it's not a racketeering trial, but still, it's an adversarial proceeding before a United States district judge, and I would have assumed that the government would take the rudimentary steps. And I don't mean this as criticism of you or of your office, but, I mean, it's kind of shocking that you prepared to go forward before a federal district judge, and you just get the document five minutes before you hand it over to the defense lawyer. Well... No way to run a railroad, I guess, is what I'm saying. Well, certainly, ideally, the government would have been able to obtain the certificate of And in fact, we were unaware of the Doswell issue until it was actually raised during the hearing. I grant you, this circuit has only in the last 18 months, or two years or so, taken Rule 32.2 seriously, because the defense bar takes it seriously now, right? I mean, that's how the law is supposed to work. Certainly... But we won't see many cases like this, is what you're telling us. I would say that certainly, had we been aware prior to the hearing that the Doswell issue was going to be raised, we might have taken a different approach. And you're taking a different approach these days, I take it? Yes, Your Honor. Okay. However, it's also important to note that neither the substance or the text of Rule 32.1, nor Doswell, suggests that there's some type of hermetic seal between the issue of reliability and the issue of why the government can't call the witness. In fact, those two things are really joined at the hip. And the more reliable the evidence is, the more compelling, or the less compelling the reason that the government has to call the witness. You agree that need alone does not factor into your reliability, does it? Pardon me, Your Honor? Need, the government's need. In other words, you're in a lurch. Five minutes before, in other words, your need and urgency does not equate to reliability, does it? No, Your Honor. Well... It doesn't equate to reliability. Right. But at the same time... We can't find a way to help you out to get it in, just because you're in a lurch, can we? No, Your Honor. I would completely agree with that. However, even the Curtis case from the Tenth Circuit, which this Court cites in Doswell, explicitly states that the two approaches towards balancing versus only considering reliability overlap. And in fact, the Curtis case explicitly states, citing another case from the Third Circuit, United States v. Lloyd, that the releasee's interest in confrontation may be so overwhelmed by the hearsay's reliability that the government doesn't need to show cause for a declarant's absence. Which was... But that's not what Doswell says, is it? That's... Doswell says, good cause. Am I misrecalling Doswell? That's not what... Well, that is what Doswell says. Okay. Doswell, however, Doswell does not suggest that good cause can... That overwhelming reliability cannot constitute good cause. And that was implicit in the District Court's reasoning. But what's the point of a balancing test if you don't have to address the issue at all of cause? Well... I understand your argument. I think it's a good one, that if the reliability is so high, the showing of good cause is lessened. Because balancing is exactly that, but you can't just read out. You don't have a balancing test if you don't consider good cause, do you? Well, reliability can constitute good cause where it's this overwhelming. Why? There's... Well, there's nothing... What's the logic behind that? The government's assumption that this evidence is so reliable that we don't have to do what we're otherwise required to do? It's not an assumption. It's a conclusion that's based on the overwhelming corroboration. No, that's the Court's decision to make. The Court does the balancing, not the government. I think you've got the roles reversed there. But the Court had evidence before it that it could use to make that balancing. It wasn't the government unilaterally making that decision. What Judge Hudson had before him at the time that he made his decision on admission of this Certificate of Analysis, and that discussion really has to be taken in its totality, because the issue of Doswell was raised twice during the hearing. He said, not only do I have a Certificate of Analysis that bears indicia of reliability and that it's on letterhead, which by itself would not be sufficient, but he also said that the substance that was at issue here was identified by an experienced police officer as being marijuana. It was packaged consistent with the way marijuana is packaged for distribution. Oh, I understand. And I think that's an excellent, harmless error argument. But I don't think that addresses why the government didn't bring the witness. And that's what good cause is. Why didn't the government produce the witness? You know, it's just that this happens, and I don't mean to cite my experience, but I've just seen this for years and years and years in the state court context rather than the federal, but where the government just comes in and thinks it doesn't have to play by the rules. And it just seems to me that if Doswell says there's a balancing test, you should say to the court why you meet that test or why you don't and not rely on the court to bail you out because there's other overwhelming evidence. It seems to me you have to address the test. Everybody has to play by the rules. And I'm in complete agreement with Your Honor. I would just submit that the rules are that the reliability can be a factor in considering good cause. In company consideration of good cause, you're saying? Yes, Your Honor. It's that reliable. And there's nothing in Doswell or in Rule 30.32.1 that states otherwise. Well, but Doswell suggests otherwise because it talks about the due process confrontation right. Doswell is very specific in saying this is important, taking the witness out of the calculation and talks about the due process and the confrontation rights. And if Doswell is discussing it in the terms of a constitutional right, then it seems to me that your argument gets weaker and weaker. It is indeed important and the right to confrontation is important, but the right to confrontation is designed to serve an end, which is to test the reliability of the evidence. And that's why the Third Circuit has explicitly stated that the releasee's interest in confrontation can be overwhelmed by the hearsay's reliability such that there's no need for showing cause and indeed that the Second Circuit has said that. Well, I hope this Court doesn't. Yeah, so you're in the Fourth Circuit. Judge Skenan is talking to you about the law of the Fourth Circuit. And we, as a reviewing court, need the prosecutor's good faith assistance in ensuring that district courts do what they're required to do, and that is to conduct the balancing tests. And we don't want these cases to be tried on the basis that it's going to be harmless. Let's be honest. That's what we're concerned about. Because if you go into a hearing, a revocation hearing, with the idea, and again, I'm not saying you did this, but if everybody goes in thinking, everybody on the government side and on the other side of the bench, goes in thinking, oh, well, whatever we do here is going to be okay, because at the end of the day, it's going to be harmless. That's no way to run a railroad. And so it's one thing to stand up and say to the judge, judge, my chemist got called out at the last minute last night. She's up in Charlottesville testifying in an important case up there. That's one thing. But to just come in and say, oh, judge, I noticed the officer brought the lab report with him to court this morning, and here it is. I don't think we want to see cases handled in that manner. You see? And so that's, I think that's what Judge Keenan is trying to get you to focus on. Yeah, the Third Circuit may have said something, the Tenth Circuit may have said something, but we want the district courts in this circuit to take the due process confrontation right seriously, as I know you do, as I know the government does.  Yes, Your Honor. He got 42 months. This is like a new criminal conviction, right? And so it ought to be treated like the serious matter that it is. And certainly, we understand the court's concerns, but it is important to remember that confrontation is a means to an end, and that end is ensuring the reliability of the evidence. No, the end is ensuring the fairness of the proceeding. That's the end. And we all know enough stories about alcoholic or drug addicted or purely incompetent lab technicians all over the country. It's not a slam dunk. Just because you have the state seal on a lab report, doesn't mean the man or woman who did that knew what he or she was doing, or was sober when she did it. But we know that. That may be true in other cases. We don't know that here. But in any event, in this case, we had somebody whose uncontradicted testimony established all the points that the government laid out earlier. And in fact, given that overwhelming reliability, any reason that the government proffered for its inability to call the witness would have been sufficient. How long is it going to take us to get you to talk about harmless error? Yeah, I like your stick-to-it-ness, but if you really want to win this case on the basis that there was no error. Well, for those same reasons, in fact, the government could have tried the revocation hearing on the officer's testimony alone without the lab analysis at all. Which is what Mr. Dow thinks you should have been required to do. And precisely the same result would have obtained. In fact, that kind of underscores the pointlessness of any remand here. How do you know that? You said so confidently. How do you know that? You weren't that confident at the revocation hearings, so much so that you made sure that the report was admitted. Well, because we could have proceeded on the officer's testimony alone. You could have, but you didn't. You didn't want to take that risk, did you? And the risk is, you may not have been able to do so. Well, again, I think the issue is more that the way things unfolded during the hearing. What's your burden now on harmless error? Harmless beyond a reasonable doubt. Beyond a reasonable doubt now? Yes, Your Honor. You had doubt that day. Well, I don't think that that's the case, because the government was never really given the opportunity to make a record on that issue at all. You could have said, which I think is kind of fair, listen, I'm just getting this report in five minutes. I haven't had a chance to look at it. I can't even vouch for it as an officer of the court or anything. You're not going to use that. Testify. You could have done that, which seemed to be the fair thing to do. Instead, you insisted and urged the court to do that, and I think maybe perhaps error. Now you're saying that, oh, this would have happened, it would have been a fait accompli. Beyond a reasonable doubt. Are you sure of that? Well, I think it would be fair to say that the government offered the report and evidence. Counsel raised the Doswell issue for the first time, and then there was a colloquy between the court and counsel in which the government didn't. He said for the first time. When else would they have had a chance to do that? Well, the government wasn't aware prior to the hearing that the Doswell issue was going to be raised. But you said that that little innuendo was that as if they were negligent or something. No, there was no duty. Oh, but that's what you said for the first time. No, Your Honor. I wasn't suggesting that there was any duty. Well, that's certainly a reasonable inference to be drawn from that reference that you made. Well, Your Honor, I certainly did not mean to suggest that inference. However, the fact remains that regardless of whether, because that was the first time it was raised, the government was pretty much taken by surprise, and the court took over. It just appears what you're saying is we didn't have any idea that she wouldn't roll over and waiver constitutional rights. You know, that's what you're saying. That's not a basis for not following the rules. Well, Your Honor, and after that, the district court pretty much made the record on it and said that it was going to be admissible. We're not suggesting that we expected the defense counsel to roll over. However, we certainly can't predict everything that's going to happen during the course of what is normally a fairly routine supervised release violation hearing. But certainly going forward, we would handle it differently. I guess maybe what I'm trying to say, and I don't mean to invade too much of your time, I think really at least, I think the Fourth Circuit is trying to send the government a message in these cases, and I just hope you receive it. Yes, Your Honor. But in any event, the government would contend that because of the other evidence that was admitted at the hearing, that admission of the certificate of analysis was indeed harmless error. And for that and the other reasons noted in our brief, we would ask that the court affirm both the judgment and the sentence. Can you tell me what explicit finding of facts that were made by the district court beyond the report, findings of fact in terms of use of these other things that would have been harmless that were found explicitly by the court? As to the substance that was involved? Yes. What was the finding? What was the finding on the record that the court made to support what you said would be harmless error because without the report, the court explicitly found the report comes in because it's on stationary and has the indicia of reliability in that regard. What's the explicit finding of fact? You said it would support otherwise the beyond reasonable doubt burden you have. That the officer who made the stop and found the marijuana officer, McDonald's, uh, court made that fact finding of fact that I'm not talking about the testimony. I'm talking about the finding of fact on the record. That's what we reviewed. The court, when it was going through its findings with respect to the violation itself, found that officer McDonald was credible. I believe it found that his testimony was uncontradicted and it was uncontradicted because there was no defense evidence on it. But he found that office in light of officer McDonald's training and experience that his testimony that the substance involved with was in fact marijuana. He credited that. He also noted that his testimony was corroborated by the fact that it was a substance. He said he believed it was marijuana, didn't it? Based on his experience. Didn't he say that? Officer McDonald had said that and he engaged in a colloquy with the defendant on the scene where he, you know, the defendant denied that the substance was marijuana and officer McDonald said, look, we can smell it. And the substance was packaged in a manner that's consistent with distribution. The defendant had tools of the drug trade with them such as scales and a grinder. And most importantly, the defendant made post Miranda admissions to officer McDonald that the substance was in fact marijuana. So in light of all that, any error that was committed in the admission of the certificate of analysis was indeed harmless beyond a reasonable doubt. And if there are no other questions, then I would ask the court to affirm the judgment of the district court. Thank you. Very quickly, Mr. Moore, before you sit down, I take it the state charges were dismissed or no process after these proceedings last spring? I'm actually not certain. I had some contact with the Commonwealth attorney's office about it. And I think they may well have decided that given the federal sentence, the game wasn't worth or it wasn't worth. Yeah, not worth the can bring him in. But I'm just curious, is it the practice in the eastern district or in the Richmond division or wherever in situations like these? And I don't want you to talk out of school, but but in a lot of districts, the revocation hearing is held off until the state proceedings take place. That's that is normally what happened. That is normally our practice. And procedurally, I've only got 14 seconds left, but I'm glad to address this. Procedurally, this case was pretty unusual in that if the court recalls there were actually two different traffic lights, they need to get him off the street. Well, it was even and he the way it ended up happening was that he was arrested in Chesterfield, bonded out. Then he was arrested in Richmond. Right. For some reason, Chesterfield didn't revoke his bond. So he bonded out again in Richmond. And that's when his probation officer found out about it. And he was he was detained in federal custody. And we've experience has taught us that shuttling people back and forth, particularly between two different jurisdictions, usually doesn't work out well. And our court also does not like to delay probation violations or supervised release violations for that long. But it is a highly unusual instance. And normally we defer to whatever happened with the state court adjudication. And normally you just walk in with the judgment of conviction, right? Yes, your honor. On a subsequent offense. Yes. Violate north of 90 percent of the time. That's the way these play out. And it didn't play out that way this time for the reasons I just went in. I just went over. Thank you for that explanation. Just one question. You know, your argument of harmless error in terms of complying with Doswell. You know, talk about lesson learned, I guess, in a sense, you know, this is harmless error. It's not much of a lesson because of the evidence, as you say, is very strong. And you still stuck by that the whole time. I guess the court almost urged you to get to harmless error that this really was so reliable that cause wasn't even required. And then if all else fails, the safety net of harmless error bails you out anyway, doesn't it? So it's not much of a lesson even from this court. Well, I don't know that the purpose of a criminal appeal is teaching a lesson. Sometimes there are lessons that are learned that are quite valuable. But the questions here or the purpose of this appeal is to answer the legal questions that are before the court. You say you don't know whether coming to an appeals court is invaluable in teaching a lesson. People in jail often with credible sentences might not have some redemptive value to our society, you said? It has an ancillary, it certainly has an ancillary teaching effect, but it's not the primary purpose of the proceeding. Oh, I can understand. We don't want to get into your philosophy. We'll leave it at that. Thank you very much, Mr. Moore. Mr. Davis, if I can address your one of your last questions to the government, both charges in Chesterfield and Richmond were not lost after this hearing. And it is frequent that we deal with violations that comment on charges that have not been disposed of. What happens is the person is arrested, the probation officer is notified that they've been arrested, they issue a warrant, the person is arrested, they're brought into custody and they don't get released because of the presumption that they'd be detained once they are charged with a violation. So it happens frequently that we are faced with this situation where we're dealing with violations on a lower standard of proof for charges that have not been disposed of. And I think that's why it's especially problematic for the government to, I want to say, play kind of fast and loose with the evidence and what their burden is at these violation hearings. The government stated that, well, we got the report just five minutes before defense counsel did. If you look at the date of the report, the date of the report is April 26th. Mr. Ferguson was arrested two days before the hearing was on May 7th. It's not in the record, but I will state that I called, not Mr. Moore, but another AUSA who actually did the hearing days before the hearing to find out if there was going to be a lab report. And then moments before the hearing, here comes the lab report. And not just a copy that I can keep in front of me, but just a copy I can look at and hand back so the officer, the arresting officer can testify about it while he's sitting in the witness box. I think that is just problematic. I mean, I think that underscores the importance of this proceeding and why it is important for the district court to make sure that before admitting hearsay evidence that this balancing test is conducted. The government states that, well, we didn't know that the Doswell issue was going to become an issue. And again, I didn't know it was going to become an issue until I saw a copy of the lab report moments before the hearing was to begin. And Doswell, frankly, it was decided in March of 2012. This hearing was in May of 2013. If I'm required to know about Doswell, then certainly the government should know about Doswell as well and be prepared to at least state why the analyst was not available or made to be available, especially when it would not have been difficult to make that person available. They had the time to do it because the report was produced on April 26th. Now, I'm not sure what happened between April 26th and May 7th, but that was certainly enough time for the government to get the report from Chesterfield or at least from the Department of Forensic Science. Now, with respect to the government's argument that the evidence was, the remainder of the evidence was so reliable that that justified or constituted good cause for not producing the analyst, I would argue that the interest of justice does not rise and fall on reliability. And that's essentially what the government is arguing. So it's reliable. It's reliable. But what about the other side of the scale? There's a balance here. And in Doswell, it was clear that reliability is a critical factor, but it is not the only factor. And I think what the government wants to say is, well, if there's other evidence that will make this report reliable, then that's all we need to show. That will constitute good cause. And I think if that's the rule that this court adopts, then it's going to tend to result in hearings that are not fair. And if the government is going to make the decision to come to court in a violation hearing and rely on hearsay evidence, then they should be prepared to defend why they do not have the adverse witness available for testimony. And if the court has any questions, I can conclude. Thank you so much. We'll come down and greet counsel and proceed to our next case.
judges: Roger L. Gregory, Barbara Milano Keenan, Andre M. Davis